UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Case No. 4:23-cv-3382 |
| **INTERPORT COMPANY, INC.** § | |
| § | |
| **Defendant,** § | |
| § | |

**UNITED STATES' COMPLAINT FOR ENFORCEMENT
OF SETTLEMENT AGREEMENT**

The United States brings this complaint to collect payments owed pursuant to a settlement agreement in which the Defendant, Interport Company, Inc. ("Interport"), agreed to pay $50,000 to resolve civil penalties that were levied by the United States Customs and Border Protection ("CBP").

### I.    INTRODUCTION

1. Interport is an exporting and logistics business. It is registered in Illinois and Florida but conducts business activities shipping goods and cars from, among other locations, the Port of Houston and Freeport, Texas. Pursuant to CBP regulations, exporters like Interport are required to submit Electronic Export Information ("EEI") filings with the Automated Export System ("AES") to describe the goods they are shipping.

2. On eleven separate occasions in 2020 and 2021, Interport attempted to export shipments to Honduras that contained (1) firearms and ammunition; and (2) vehicles whose Vehicle Identification Numbers (VIN) were improperly entered into the Automated Export System

(AES). As a result, CBP assessed 11 separate penalties totaling $240,198 pursuant to 13 U.S.C. § 305(b).

3. After negotiations with Interport (and an assessment of its ability to pay), the parties agreed to enter into a settlement agreement that was finalized on July 26, 2023. *See* Exhibit 1 (Fully Executed Settlement Agreement) (the "Settlement Agreement"). The Settlement Agreement provided that Interport would receive a sizable discount on the ultimate payment, and also required that Interport improve its compliance and screening of customer shipments. To resolve the penalties, Interport would pay $50,000 pursuant to a schedule in which it would pay (1) $25,000 by no later than August 31, 2023; and (2) 10 monthly payments of $2,500, starting in September 2023 and continuing through June 2023.

4. Despite agreeing to this schedule, Interport has already defaulted. It failed to make the complete $25,000 payment that was due on August 31, 2023. At this time, Interport has only paid $10,000. Accordingly, the United States brings this action to collect the remaining $15,000 it is owed, and to ensure that the remaining amounts are paid in a timely manner.

## II.  JURISDICTION AND VENUE

5. 28 U.S.C. § 1345 gives this Court jurisdiction over any action commenced by the United States.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1395(a), because the penalties at issue accrued in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because Interport conducts business within the Southern District of Texas.

### III.    PARTIES

7. Plaintiff is the United States of America, acting on behalf of the United States Customs and Border Protection, a component of the United States Department of Homeland Security.

8. Defendant Interport is an export and logistics business engaged in freight transportation and foreign freight forwarding. It is registered in Illinois and Florida, but conducts business activities involving the shipment of goods and cars, from among other locations, Houston, Texas, and Freeport, Texas.

6. Interport maintains an address in Houston, Harris County, Texas, at 2221 Hartwick Road.  Interport's principal and registered agent is Tony Alvaro.

### IV.    FACTUAL ALLEGATIONS

*Regulatory Background and Civil Penalties*

7. As an exporting business, Interport is required to submit EEI filings with the AES describing the goods that it exports internationally.  In particular, the United States requires that all parties to any export transaction comply with relevant export control regulations (such as those governing firearms).  15 C.F.R. § 30.15(b).

8. Any party that fails to comply with filing regulations (such as the AES) may face a civil monetary penalty.  *See* 13 U.S.C. § 305(b); *see also* 15 C.F.R. § 6.3 (providing that inflation-adjusted penalties may reach $16,438).

9. On eleven separate occasions in 2020 and 2021, federal inspectors at the Port of Houston and Freeport identified Interport shipments to Honduras that contained (1) firearms and ammunition; and (2) vehicles whose Vehicle Identification Numbers (VIN) were improperly entered into the Automated Export System.  As a result, CBP levied eleven penalties totaling $240,198.

*The Parties Negotiate a Settlement Agreement*

10. CBP attempted to negotiate the potential penalties with Interport. Ultimately, the matter was referred to the United States Attorney's Office for collection. Before filing suit, the United States Attorney's Office gathered financial information from Interport and engaged in discussions concerning a reasonable payment schedule based on Interport's ability to pay.

11. Those discussions resulted in the Settlement Agreement attached as Exhibit 1 to this Complaint. As outlined in the agreement, Interport would:

- Pay $25,000 upfront by no later than August 31, 2023, Ex. 1, ¶ 1(a);

- Pay $25,000 in 10 separate monthly payments from September 30, 2023 to June 30, 2023, Ex. 1, ¶ 1(b) to (k); and

- As a condition of its continued registration as an exporter, "make best efforts to implement enhanced screening measures" and discuss those compliance measures with CBP representatives on a quarterly basis, Ex. 1, ¶ 3.

12. The Settlement Agreement was signed on July 26, 2023.

*Interport Breaches the Settlement Agreement*

13. At this point, Interport has breached its agreement. Despite being required to pay $25,000 no later than August 31, 2023, Interport has only paid $10,000.

14. The government is hopeful that Interport will come into compliance with the Settlement Agreement as quickly as possible. However, at this stage it is necessary for the Court to enter a judgment directing that Interport (1) pay the remaining $15,000 that was owed as of August 31, 2023; and (2) continue to pay the remaining amounts owed pursuant to the Settlement Agreement.

## COUNT ONE – BREACH OF CONTRACT

15. The United States realleges and incorporates by reference all allegations set out in all paragraphs of this complaint.

16. The United States and Interport entered into a binding, enforceable agreement.

17. Interport has breached the terms of that agreement by failing to make payment on the dates set forth in the Settlement Agreement. Specifically, Interport has failed to make the $25,000 payment as set forth in Paragraph 1(a) by the date specified (August 31, 2023) and has only paid $10,000 to date.

## CONCLUSION & PRAYER

WHEREFORE, the United States demands judgment against Interport for any amounts owed under the Settlement Agreement; all costs associated with prosecuting this civil action as provided by law; interest on all amounts owed to the United States; and all other relief the Court deems just and proper.

Dated: September 11, 2023

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By: */s/ Brad R. Gray*
Brad R. Gray
Assistant United States Attorney
Southern District No. 2827958
Texas Bar No. 24097759
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel.: (713) 567-9599
Fax: (713) 718-3300
Email: Brad.Gray@usdoj.gov

*Counsel for the United States*